**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-2358**

_____

KEVIN M. LYNN,

            Plaintiff - Appellee,

        v.

MONARCH RECOVERY MANAGEMENT, INC.,

            Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore.    William D. Quarles, Jr., District
Judge.  (1:11-cv-02824-WDQ)

_____

Submitted:  August 29, 2014        Decided:  October 2, 2014

_____

Before WYNN and DIAZ, Circuit Judges, and DAVIS, Senior Circuit
Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Michael David Alltmont, Bryan Christopher Shartle, SESSIONS
FISHMAN NATHAN & ISRAEL, Metairie, Louisiana, for Appellant.
Kevin M. Lynn, Appellee Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Monarch Recovery Management, Inc. ("Monarch"), a debt collection company, appeals the district court's grant of summary judgment to Kevin Lynn on his claim that Monarch violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C.A. § 227 (West 2001 & Supp. 2013), when it called his home phone numerous times using an automatic telephone dialing system ("ATDS").[*] Although Lynn was charged individually for each of Monarch's calls, Monarch argues that the district court erred in finding that it violated the TCPA. Because our de novo review leads us to conclude that the district court did not err, we affirm. See Broughman v. Carver, 624 F.3d 670, 674 (4th Cir. 2010) (stating standard of review).

The TCPA specifically prohibits "mak[ing] any call . . . using any [ATDS] or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call[.]" 47 U.S.C.A. § 227(b)(1)(A)(iii) ("call-charged provision"). We conclude that the call-charged provision's plain language encompasses

---

[*] For a discussion of the practices prohibited by the TCPA, see Mims v. Arrow Financial Services, LLC, 132 S. Ct. 740, 745 (2012).

2

Monarch's calls to Lynn. <u>Cf.</u> <u>Osorio v. State Farm Bank, F.S.B.</u>, 746 F.3d 1242, 1257-58 (11th Cir. 2014). Moreover, we reject Monarch's attempt to escape the clear breadth of the call-charged provision by relying on the FCC's regulation excepting debt collectors from the TCPA's separate prohibition on "call[s] to any residential telephone line using an artificial or prerecorded voice to deliver a message," 47 U.S.C.A. § 227(b)(1)(B), and several rules of statutory interpretation. <u>See</u> <u>United States ex rel. Oberg v. Pa. Higher Educ. Assistance Agency</u>, 745 F.3d 131, 144 n.6 (4th Cir. 2014). Indeed, Congress' purpose in enacting the TCPA advises against Monarch's effort to limit its liability. <u>See</u> <u>Clodfelter v. Republic of Sudan</u>, 720 F.3d 199, 211 (4th Cir. 2013); <u>Broughman</u>, 624 F.3d at 677; <u>see also</u> <u>In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991</u>, 18 FCC Rcd. 14041, 14092 (2003) (explaining Congress' intent in enacting call-charged provision).

Accordingly, we affirm the grant of summary judgment to Lynn. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before this court and argument would not aid in the decisional process.

<u>AFFIRMED</u>